Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLY TEIXEIRA, an individual; GAKO, an individual sued under a fictitious name, the true identity of whom is presently unknown; and SOCIAL ENGINE FZE, a foreign entity; and JOHN DOES 1-10, <br><br> Defendants. | Case No. 3:25-cv-7289 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

## NATURE OF THE CASE

1. Plaintiffs own and/or control the popular video game known as *Steal a Brainrot* (the "Game") on the Roblox gaming platform. Since its launch in May 2025, the Game has been played over 5.95 billion times, had a peak of over 20 million concurrent users (i.e., 20 million players were playing the game at the same time) and is consistently one of the top three games on Roblox by player count.

2. Defendants have created a virtual 1:1 copy of the Game, which they call "Don't Steal My Brainrot," and uploaded it on Fortnite Creative, Epic Games' video game platform, in June 2025 (the "Infringing Game").

3. Plaintiffs seek to stop defendants' unlawful conduct and recover the losses they have suffered and will continue to suffer, including any profits defendants have gained from their unlawful infringement.

## PARTIES

4. Plaintiff Spyder Games LLC is a Louisiana limited liability company.

5. Plaintiff Speedy Simulator Gaming LLC is a Wyoming limited liability company.

6. Defendant Charly Teixeira is an individual, on information and belief, located in the United Arab Emirates.

7. Defendant Gako is, on information and belief, an individual using the online alias Gako, whose true name, identity, and capacity are presently unknown to plaintiffs. Plaintiffs are informed and believe, and thereon allege, that Gako is in some manner legally responsible for, participated in, or contributed to the acts, omissions, and damages alleged in this Complaint. Plaintiffs will amend this Complaint to allege Gako's true name, identity, and capacity when they are ascertained.

8. Defendant Social Engine FZE is, on information and belief, a foreign entity located in the United Arab Emirates.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants John Does 1 through 10 are presently unknown to plaintiffs, who

therefore sue them by such fictitious names pursuant to Federal Rule of Civil Procedure 10(a). Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is in some manner legally responsible for, participated in, or contributed to the acts, omissions, and damages alleged in this Complaint. Plaintiffs allege that John Does 1 through 10 are jointly and severally liable with the named defendants for all damages and relief sought herein. Plaintiffs will amend this Complaint to allege the true names and capacities of the Doe defendants when they are ascertained.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

11. The Court has personal jurisdiction over defendants because they consented in writing to jurisdiction in their DMCA counternotice.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or in which plaintiffs' injury was suffered.

## FACTUAL ALLEGATIONS

**I.    *Steal a Brainrot* is one of the most successful games on Roblox.**

13. Plaintiffs are video game studios that own video games that are distributed and played on Roblox. Roblox is an online platform that allows its users to play games made by other users and video game studios, like studio. The games hosted on Roblox are free to play, but generate revenue through microtransactions and in-game advertising.

14. Plaintiffs' game, *Steal a Brainrot* was released on Roblox in May 2025. In just three months, *Steal a Brainrot* has become one of the most popular games on Roblox, with billions of player visits. *Steal a Brainrot* is like a treasure hunt in a world filled with unique "brainrots," which are based on silly internet meme characters. The brainrots march slowly in a line down a red carpet that runs through the center of the arena of game play. Players capture the brainrots and take them to their base, which is like a mini jail on the edges of the arena, to earn virtual currency. Different brainrots have differing values, depending upon their rarity.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

Meanwhile, players can steal each other's brainrots from their respective bases. The virtual currency a player earns from the brainrots can be used to upgrade their bases or unlock special abilities (like grabbing brainrots or escaping thieves more easily). By way of example, below is a screenshot of the arena, with the red carpet featuring marching brainrots emerging from a doorway, and surrounded by bases:



Plaintiffs hold a U.S. copyright registration for the Game: U.S. Copyright Reg. PA0002544969 and the right to enforce the copyright.

## II. Defendants upload the Infringing Game on the Fortnite Creative platform.

15. On or about June 2025, defendants published the Infringing Game on Epic Games' "Fortnite Island Creator Program" (referred to as "Fortnite Creative"). Fortnite Creative is a platform that allows creators to upload their games to be played on the Fortnite platform. The games are free to play, but the creators receive "engagement payouts." Epic Games provides tools to creators to make games that can be played on Fortnite platform.

16. The Infringing Game copies the Game's protectable expressions, including user interface elements (e.g., the visual or textual contents, layout, and/or design of the menus, etc.), in-game objects, artwork, level design, animations, design aesthetics, game pieces, and the selection and coordination of game elements, colors, and shapes.

17. The similarities are not merely the result of the games existing in the same genre or dictated by function. Defendants made conscious decisions to copy the creative choices and unique designs that were implemented in the Game. The similarities between the Game and the Infringing Game are not coincidental. They are the result of willful infringement by defendants in an effort to steal the market for plaintiffs' game.

18. By way of example only, the Infringing Game copies the Game's thumbnail. Each game on Roblox and Fortnite Creative have what is referred to as a "thumbnail." It is like a book cover or movie poster for a game. When a player is deciding what game to play, they are presented with a wall of thumbnails to choose from. A good thumbnail creates brand recognition and drives players to a game. Plaintiffs created the distinctive "lucky block" thumbnail. It contains a blue cube, floating at an angle, with facial features, where the eyes are rainbow colored squares with question marks within them, a smile, and white wings. The lucky block hovers over a carpet. Three question marks hover over the lucky block, and the icon is split in half, with a white angular slash. Defendants copied each of these elements:

*Steal a Brainrot*:                           **Infringing Game:**

   

5
COMPLAINT
Case No. _____

19. Similarly, and by way of example only, the Infringing Game copied the Game's unique game play and layout. As reflected in the pictures below, each game contains a door with a red carpet in front of it, which runs across a green field. Brainrots march down the carpet to be captured.

*Steal a Brainrot*:                                      **Infringing Game:**

 

20. Likewise, the Infringing Game has copied how bases appear in the Game, including the distinctive red bars, the light grey roof and floor with darker walls, and the light green mat as a player approaches the base:

*Steal a Brainrot*:                                      **Infringing Game:**

 

21. On August 8, 2025, plaintiffs submitted a Digital Millennium Copyright Act notice to Epic Games, which removed the Infringing Game from its platform.

22. On or about August 18, 2025, defendants submitted a counternotice.

## FIRST CLAIM

### (Copyright Infringement)

23. Plaintiffs re-allege the foregoing allegations as if set forth in full.

24. The Game is an original and creative expressive work that is copyrightable under 17 U.S.C. §§ 101 et seq.

25. Defendants had access to the Game before creating and publishing the Infringing Game because the Game is publicly available on Roblox.

26. Defendants copied substantial original elements of the Game without authorization from plaintiffs and incorporated them into the Infringing Game.

27. Defendants knew that the Infringing Game infringes plaintiffs' copyrights in the Game, or acted with reckless disregard for, or willful blindness to, plaintiffs' rights.

28. As a direct and proximate result of defendants' infringement, plaintiffs have suffered, and will continue to suffer damages in an amount in excess to the jurisdictional minimums. Plaintiffs are entitled to their actual damages, and any profits of defendants attributable to the infringement.

29. Plaintiffs have no adequate remedy at law. Defendants' continued wrongful conduct will cause plaintiffs irreparable injury that cannot be adequately remedied at law unless the Court enjoins defendants from further infringement.

## JURY DEMAND

30. Plaintiffs request a jury trial on all issues in this matter.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

A. Judgment in favor of plaintiffs and against defendants;

B. An award of actual damages to plaintiffs, including any profits of defendants attributable to the infringement;

C. Punitive damages;

D. Pre-judgment and post-judgment interest;

E. Attorney fees;

F. A preliminary and/or permanent injunction restraining defendants and their agents and affiliates, and anyone acting in concert with them, from directly or indirectly violating plaintiffs' rights under the Copyright Act; and

G. Any further relief in law or equity that plaintiffs are entitled to or which the Court deems appropriate.

DATED: August 28, 2025.    MARKOWITZ HERBOLD PC

*s/ Adam M. Starr*
Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiff*

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

8    Case No. _____
COMPLAINT